UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23215-CIV-CANNON/Otazo-Reyes

**MSP RECOVERY CLAIMS, SERIES LLC**,

    Plaintiff,
v.

**PUBLIX SUPER MARKETS, INC.**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss (the "Motion") [ECF No. 11]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 22], Defendant's Reply [ECF No. 29], and the full record, including the Notices of Supplemental Authority [ECF Nos. 30, 32–33, 36–37]. For the reasons set forth below, Defendant's Motion to Dismiss [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART**.

**RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff MSP Recovery Claims, Series LLC is a Delaware entity with its principal place of business in Miami [ECF No. 1 ¶ 13]. Plaintiff's business operates as follows: Plaintiff contracts with individuals and entities for the assignment of their claims under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y (the "MSP Act"), and then brings suit as the assignee of those claims against violators of the MSP Act to recover damages [ECF No. 1 ¶¶ 3, 14–15].[1]

---

[1] In general, this type of operation is allowed under the MSP Act's private enforcement scheme and under the law of assignment. *See MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312,

Plaintiff initiated this action on August 3, 2020, purporting to bring an MSP Act claim against Defendant Publix Super Markets, Inc. on behalf of an assignor, AvMed, Inc. ("AVDI"), and similarly situated class members [ECF No. 1]. Those underlying claimants, referred to as Medicare and/or Medicare Advantage Plans ("MAOs"), are entities that, according to Plaintiff, (1) provided Medicare benefits to enrollees who were injured in accidents involving Defendant, and (2) were never reimbursed after Defendant became the "primary payer" responsible for those medical expenses under the MSP Act by entering into related settlement agreements [ECF No. 1 ¶ 25]. In support of this claim, Plaintiff provides a copy of an Assignment Agreement for AVDI's claims [ECF Nos. 1-3, 1-4]; identifies one exemplar ("L.V."), an enrollee of AVDI, who was injured in an accident involving Defendant on April 22, 2014 [ECF No. 1 ¶¶ 45–55]; and compiles relevant health insurance claims data for L.V. [ECF No. 1-2].[2] That data, according to Plaintiff, demonstrate that Defendant "reported and admitted to CMS that it was the primary payer for [the exemplar's injuries]" but failed to reimburse the underlying MAO claimants as such [ECF No. 1 ¶¶ 52–53]. Plaintiff also provides health insurance claims data unrelated to L.V. to highlight other instances in which Defendant allegedly failed to reimburse AVDI for enrollees' medical costs [ECF No. 1 ¶ 33; ECF No. 1-1].

---

1316–20 (11th Cir. 2019) (detailing the history of the MSP Act, the public and private causes of action that it establishes, and how valid assignment confers standing to bring MSP Act claims); *see* 42 U.S.C. § 1395y(b)(3)(A) (establishing a private cause of action under the MSP Act).

[2] The Centers for Medicare & Medicaid Services ("CMS") is a federal agency within the United States Department of Health and Human Services ("HHS") that administers the Medicare program and works with state governments to administer Medicaid. CMS uses an electronic data interchange ("EDI") format known as 837P (the "837 standard") for storing digital health insurance claims data. The 837 standard is used by many health care providers [*see* ECF No. 1 pp. 23–27].

Defendant filed the instant Motion on November 9, 2020, seeking dismissal for lack of standing and for failure to state a claim [ECF No. 11]. The Motion is ripe for adjudication.

## LEGAL STANDARD

**I.     Standing**

"To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they have suffered a concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). A plaintiff does not automatically satisfy this requirement "whenever a statute grants [the plaintiff] a statutory right and purports to authorize [the plaintiff] to sue to vindicate that right." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016)). In other words, "Article III standing requires a concrete injury even in the context of a statutory violation," and "bare procedural violations, divorced from any concrete harm" do not suffice. *Spokeo*, 578 U.S. at 341.

**II.    Failure to State a Claim**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545).

Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Defendant's argument in favor of dismissal is twofold. Defendant first argues that Plaintiff lacks standing because Plaintiff has not alleged a concrete harm sufficient to satisfy the injury-in-fact requirement of Article III [ECF No. 11 pp. 9 –13]. Defendant next argues that the Complaint fails to state a plausible claim under the MSP Act because it does not provide enough information about the alleged underlying claimants and their injuries [ECF No. 11 pp. 13–20]. The Court finds Defendant's Article III argument to be unavailing but agrees that the Complaint fails to adequately state a claim beyond the one exemplar provided: L.V.

The Complaint's general allegations are sufficient to establish Article III standing. An assignee has standing to bring a claim under the MSP Act if: "(1) its ultimate assignor . . . suffered an injury-in fact, and (2) [the assignor's] claim arising from that injury as validly assigned." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (alteration in original) (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). Here, the Complaint alleges that Defendant "fail[ed] to pay for or reimburse medical expenses resulting from injuries sustained in [accidents] that should have been paid by Defendant," and that, as a result, "the cost of those accident-related medical expenses have been borne by Medicare and [Medicare Advantage Plans] to the detriment of the Medicare Trust Funds and the public," including AVDI and other underlying claimants [ECF No. 1 ¶ 1; *see* ECF No. 1 ¶¶ 25–26]. That alleged monetary harm, albeit stated in generalized terms in the context of an as-yet undefined set of injuries from accidents, is sufficient to satisfy the Court that Plaintiff has met the

injury-in-fact requirement under Article III. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) ("[M]onetary harms readily qualify as concrete injuries under Article III . . . ."); *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (recognizing that, where an MSP Assignee sought damages for a delay in reimbursement, it "allege[d] a type of economic injury, which is the epitome of 'concrete'").

Conversely, the Complaint's allegations are sufficient to state a claim under Rule 12(b)(6) only as to exemplar L.V.

To state a private cause of action under 42 U.S.C. § 1395y(b)(3)(A), plaintiffs must allege (1) that the defendant is a primary payer, (2) that the defendant failed to provide primary payment, and (3) damages. *See Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239 (11th Cir. 2016); 42 U.S.C. § 1395y(b)(3)(A).

Here, the Complaint broadly alleges that (1) Defendant is considered the primary payer for "accidents relating to Defendant's stores and services" [ECF No. 1 ¶ 2; *see* ECF No. 1 ¶¶ 22, 25, 53]; (2) the underlying claimants ("hundreds of MAOs and first tier entities") suffered an injury-in-fact as a result of Defendant's failure to meet its statutory payment and reimbursement obligations [ECF No. 1 ¶¶ 11, 24, 28, 32–33, 56–58]; and (3) those underlying claimants properly assigned their claims to Plaintiff [ECF No. 1 ¶¶ 14–15, 37]. Plaintiff supplements these broad allegations with specific information about one exemplar, L.V., including the date of the relevant accident, the health insurance claims data resulting from that accident, and the billing amounts [ECF No. 1 ¶¶ 45–55; ECF No. 1-1]. Plaintiff also claims to have "identified numerous instances" where Defendant failed to reimburse AVDI for other enrollees beyond L.V., and then accompanies that allegation with a cryptic spreadsheet representing what appears to be 41 other such instances [ECF No. 1 ¶¶ 32–35; ECF No. 1-1 (containing largely unintelligible information from which it

5

cannot be discerned whether Defendant failed to issue an appropriate reimbursement)]. Based on the foregoing allegations, Plaintiff purports to bring this action on behalf of a nationwide class of unspecified MAOs (and their assignees) that, like AVDI, are entitled to reimbursement from Defendant [ECF No. 1 ¶ 64]. Upon Plaintiff's "information and belief," there are "hundreds" of such organizations throughout the United States [ECF No. 1 ¶ 59].[3]

These allegations are sufficient to state a claim in connection with L.V. because the Complaint provides information about L.V.'s accident and unreimbursed medical expenses. The Complaint does not do the same for any other AVDI enrollees, however, merely offering broad allegations and an unilluminating spreadsheet from which Defendant presumably would have to decipher the claims against it [ECF No. 1-1]. The Settlement Class too is similarly vague, purporting to capture—"upon information and belief" [ECF No. 1 ¶ 59]—hundreds of unspecified MAOs across the country at any point in time. Given the absence of reasonably specific allegations beyond L.V., it cannot be said that the Complaint gives Defendant "adequate notice of the claim[] against [it] and the grounds upon which [the claim] rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

For these reasons, the Complaint adequately states a claim under 42 U.S.C. § 1395y(b)(3)(A) in connection with L.V. but fails to do so in connection with any other AVDI enrollees (or enrollees of any of the "hundreds" of unidentified MAOs referenced in the Complaint [ECF No. 1 ¶ 59(a)]). The key purpose of a complaint is to give the defendant fair notice of the claim against it so that it may respond accordingly and prepare an adequate defense. That obligation has not been met beyond L.V.

---

[3] "While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim." *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (citing cases).

CASE NO. 20-23215-CIV-CANNON/Otazo-Reyes

## CONCLUSION

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** with leave to replead.

3. Any amended Complaint is due on or before **April 29, 2022.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of March 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record